**EXHIBIT "A" TO ORDER SETTING PROCEDURE FOR SHORT FORM AMENDMENT OF COMPLAINTS AND INCORPORATION BY REFERENCE OF MATERIALS UNDER SEAL**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) **MDL 2804** |
| | ) |
| | ) **Case No. 1:17-md-2804** |
| THIS DOCUMENT RELATES TO: | ) |
| | ) **Judge Dan Aaron Polster** |
| *All Cases Not Designated In Paragraphs 2 or 3 of CMO-1* | ) |
| | ) **SHORT FORM FOR** |
| | ) **SUPPLEMENTING COMPLAINT AND** |
| | ) **AMENDING DEFENDANTS AND** |
| | ) **JURY DEMAND** |

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Doc. ##: 513, 514,[1] and as may be amended in the future, and any additional claims asserted herein. Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e). Doc. #: 232.

---

[1] Docket #: 513 is the redacted Summit Second Amended Complaint and Docket #: 514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP. The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #: 24.

EXHIBIT "A" TO ORDER SETTING PROCEDURE FOR SHORT FORM AMENDMENT OF
COMPLAINTS AND INCORPORATION BY REFERENCE OF MATERIALS UNDER SEAL

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1.      Plaintiff(s)' Existing Complaint (No.   1:19-OP- 45839,  Doc. #: 1, 2)  is expressly
incorporated by reference to this Short Form as if fully set forth herein except to the extent that
allegations regarding certain defendants that are not listed in section 2 below are dismissed without
prejudice.

## PARTIES – DEFENDANTS

2.      Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the
following Defendants:

[List all Defendants against which claims are asserted.  To the extent a claim is not asserted against
a particular defendant, so indicate below.  Otherwise each claim will be deemed to be asserted
against all Defendants (except for the RICO claims identified below).  If Defendants have not been
sued previously in Plaintiff(s)' Existing Complaint, Plaintiff must include separate factual
allegations below in support of each new defendant and must separately serve each newly named
Defendant with notification of the specific ARCOS data that Plaintiffs claim supports the addition
of this Defendant pursuant to the Court's Order Setting Procedure for Short Form Amendment of
Complaints and Incorporation by Reference of Materials Under Seal]

Please see Attachment A.

I,  Rebecca Fonseca ,  Counsel for Plaintiff(s), certify that in identifying all
Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS
data that I understand to be relevant to Plaintiff(s).

I further certify that, except as set forth below, each of the Defendant(s) newly
added herein appears in the ARCOS data I reviewed.

I understand that for each newly added Defendant not appearing in the ARCOS
data I must set forth below factual allegations sufficient to state a claim against any such
newly named Defendant that does not appear in the ARCOS data.

2

**The following newly added Defendant(s)** *do not appear* **in the ARCOS data I reviewed:**

_____

_____

_____

_____

**Dated:** 12/16/2019 _____ **Signed:** Rebecca Fonseca _____

Factual Allegations Regarding Individual Defendants

2.1      Please see Attachment A. _____

2.2      _____

## **COMMON FACTUAL ALLEGATIONS**

3.      By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. Doc. #: 514, 1282 .

☑ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)

☐ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)

☐ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

4.      If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

_____

_____

_____

_____

## **CLAIMS**

5.      The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments,

**EXHIBIT "A" TO ORDER SETTING PROCEDURE FOR SHORT FORM AMENDMENT OF COMPLAINTS AND INCORPORATION BY REFERENCE OF MATERIALS UNDER SEAL**

Doc. #: _____, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☐ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☐ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

6.      Plaintiff asserts the following **additional claims** as indicated (below or attached):

The County is filing this "Short Form" consistent with the MDL court's orders and without prejudice to the County's right to pursue remand of this case to state court.  The County expressly maintains that there is no basis for federal jurisdiction over this matter.

7.      To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice.

WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: 12/17/2019                              Lisa Saltzburg

                                               *Attorney for Plaintiff(s)*

4

## Attachment A – to Short Form For Supplementing Complaint and Amending Defendants and Jury Demand ("Short Form") (Medina County, OH Case No. 1:19-op-45839)

Paragraph 2:

The following defendants are named in this action:

Purdue Pharma L.P.; Purdue Pharma, Inc.; The Purdue Frederick Company Inc.; Rhodes Pharmaceuticals L.P. [1]; Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc. ; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. N/K/A Janssen Pharmaceuticals, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc.; Mallinckrodt, LLC; Mallinckrodt plc; Mallinckrodt Brand Pharmaceuticals, Inc.; SpecGx, LLC; McKesson Corporation; Cardinal Health, Inc.; AmerisourceBergen Drug Corporation; Allergan PLC f/k/a Actavis PLC f/k/a Allergan, Inc.; Allergan Finance, LLC, f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Watson Laboratories, Inc.; Warner Chilcott Company, LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis Laboratories FL, Inc. f/k/a Watson Laboratories, Inc- Florida; Discount Drug Mart; and Jane Does 1-50.

Jurisdictional Allegations:

The County is filing this "Short Form" consistent with the MDL court's orders and without prejudice to the County's right to pursue remand of this case to state court.  The County expressly maintains that there is no basis for federal jurisdiction over this matter.

This Court has personal jurisdiction over all Defendants under R.C. 2307.382 because the causes of action alleged in this Complaint arise out of each Defendants' transacting business in Ohio, contracting to supply services or goods in this state, causing tortious injury by an act or omission in this state, and because the Defendants regularly do or solicit business or engage in a

---

[1] Purdue Pharma, L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc. (collectively, "Purdue") were named in the existing complaint.  Plaintiff recognizes that these claims are stayed due to bankruptcy proceedings and is not attempting to take any further action concerning Purdue by virtue of filing this Short Form.  The County does not intend to serve Purdue with this Short Form in light of the stay and mentions Purdue here only due to the instructions calling for a list of defendants in the case.

persistent course of conduct or deriving substantial revenue from goods used or consumed or services rendered in this state.  Defendants have purposefully directed their actions towards Ohio and/or have the requisite minimum contacts with Ohio to satisfy any statutory or constitutional requirements for personal jurisdiction.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio, to which this case was removed.  Venue is also proper under 18 U.S.C. § 1965(a) because Defendants reside, are found, have agents, or transact their affairs in this district.

Allegations Specific to Defendants Appearing in the ARCOS Data:

Distributor Defendants:

Discount Drug Mart, Inc. ("Discount Drug Mart") is an Ohio corporation with its headquarters principal place of business in Medina, Ohio.